JM:MPC
F.#2012R01330

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

CHARLES BROWN,
AARON GLUCKSMAN,
YECHESKEL LEBOVITS,
JACOB VIZEL and
EMANUEL SPITZER,

    Defendants.

- - - - - - - - - - - - - - - - X

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. 12-667 (S-1) (RJD)
(T. 18, U.S.C., §§ 844(i)
981(a)(1)(C), 1343,
1344, 1349, 2 and 3551
et seq.; T. 21, U.S.C.,
§ 853(p); T. 28, U.S.C.,
§ 2461(c))

THE GRAND JURY CHARGES:

## INTRODUCTION

At all times relevant to this Indictment, unless otherwise noted:

    1. The defendant CHARLES BROWN was a duly licensed appraiser in the State of New York. BROWN, a resident of Bronx County, New York owned and controlled Chatre Appraisals Inc., a New York State corporation.

    2. The defendant AARON GLUCKSMAN was a resident of Kings County, New York.

    3. The defendant YECHESKEL LEBOVITS was a resident of Kings County, New York.

    4. The defendant JACOB VIZEL was a resident of Kings County, New York.

5. The defendant EMANUEL SPITZER was a resident of Kings County, New York.

6. SYYM RLM Corporation ("SYYM RLM") was a New York State corporation, controlled by the defendant JACOB VIZEL, together with others.

7. SID Funding was a corporation controlled by the defendant AARON GLUCKSMAN.

8. 52 Buffalo Avenue was a residential property located in Brooklyn, New York (the "Subject Property").

## THE SCHEME

9. From approximately December 2007 until approximately November 2012, the defendants CHARLES BROWN, AARON GLUCKSMAN, YECHESKEL LEBOVITS, EMANUEL SPITZER and JACOB VIZEL, together with others, engaged and agreed to engage in the following fraudulent scheme.

10. On or about December 7, 2007, the defendants JACOB VIZEL and AARON GLUCKSMAN, together with others, secured a fraudulent appraisal of the Subject Property from the defendant CHARLES BROWN that inflated the value of the Subject Property.

11. In or about January 2008, SYYM RLM purchased the Subject Property for approximately $6,000.

12. In or about February 2008, the defendant JACOB VIZEL recruited John Doe #1, an individual whose identity is known to the Grand Jury, to purchase the Subject Property. At

the time, John Doe #1 was unemployed and living in a boarding house. VIZEL, together with others, informed John Doe #1 that purchasing the Subject Property was an "investment opportunity" for John Doe #1. VIZEL, together with others, promised John Doe #1 that he would not have to make mortgage payments or take possession of the Subject Property and that the mortgage payments would be paid by others. In exchange for using John Doe #1's name and good credit history, the defendant VIZEL paid John Doe #1 a fee of approximately $30 and told John Doe #1 that his family would be permitted to live in the Subject Property in the future.

13. The defendants AARON GLUCKSMAN and JACOB VIZEL, together with others, collected personal and financial information from John Doe #1 to be used on a mortgage application to Citimortgage Inc. ("Citimortgage"). The defendants GLUCKSMAN and VIZEL, together with others, also provided materially false information on the mortgage application to Citimortgage in order to qualify John Doe #1 for the mortgage. Additionally, GLUCKSMAN and VIZEL, together with others, submitted the fraudulent appraisal to Citimortgage.

14. On or about April 4, 2008, the defendants AARON GLUCKSMAN, YECHESKEL LEBOVITS and JACOB VIZEL, together with others, sold the Subject Property to John Doe #1 for approximately $625,000.

15. On or about April 4, 2008, a closing was held, during which John Doe #1 purchased the Subject Property from SYYM RLM. The defendant JACOB VIZEL, together with others, provided an attorney for John Doe #1. During the closing, approximately $500,000 was transferred from Citimortgage to a bank account for the closing attorney, who in turn transferred this sum to the defendant YECHESKEL LEBOVITS by issuing checks payable to LEBOVITZ. Additionally, a $21,000 check was written from the mortgage proceeds to Kimmel & Kimmel to satisfy a debt owed by the defendant EMANUEL SPITZER.

16. On or about April 7, 2008, the defendants AARON GLUCKSMAN and JACOB VIZEL, together with others, purchased a homeowners insurance policy with Travelers Insurance ("Travelers") for the Subject Property in the name of John Doe #1.

17. On or about April 7, 2008, the defendant EMANUEL SPITZER offered to pay the defendant YECHESKEL LEBOVITS money to burn down the Subject Property.

18. On or about April 15, 2008, the defendant YECHESKEL LEBOVITS, together with others, set fire to and destroyed the Subject Property. As a result of the fire, John Doe #2, an individual whose identity is known to the Grand Jury, suffered second and third degree burns to a majority of his body. John Doe #3, a firefighter with the New York City Fire

Department, whose identity is known to the Grand Jury, suffered burns to his leg and shoulder.

19. On or about June 26, 2008, the defendant JACOB VIZEL, together with others, instructed John Doe #1 to accompany the defendant AARON GLUCKSMAN to meet with an insurance adjuster from Travelers. VIZEL instructed John Doe #1 to pretend not to speak English and allow GLUCKSMAN to answer all the questions.

20. On or about June 26, 2008, the defendant AARON GLUCKSMAN made materially false statements to Travelers regarding the Subject Property.

21. On or about September 15, 2008, Travelers issued an initial check in the amount of $301,887.63 payable to John Doe #1 and Citimortgage for the loss of the Subject Property, and a second check in the amount of $41,090.03 payable to John Doe #1 for the purported loss of personal property (collectively, the "Travelers checks").

22. On or about September 25, 2008, the defendant AARON GLUCKSMAN, together with others, deposited the Travelers checks in the name of John Doe #1 into an SID Funding bank account controlled by GLUCKSMAN.

## COUNT ONE
(Conspiracy to Commit Wire Fraud and Bank Fraud)

23. The allegations contained in paragraphs 1 through 22 are realleged and incorporated as if fully set forth in this paragraph.

24. In or about and between December 2007 and September 2008, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants CHARLES BROWN, AARON GLUCKSMAN, YECHESKEL LEBOVITS, EMANUEL SPITZER and JACOB VIZEL, together with others, did knowingly and intentionally conspire (a) to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, to transmit and cause to be transmitted by means of wire communication in interstate commerce, writings, signs, signals, pictures and sounds, contrary to Title 18, United States Code, Section 1343, and (b) to execute a scheme and artifice to defraud a financial institution, to wit: Citimortgage, the deposits of which were insured by the Federal Deposit Insurance Corporation, and to obtain moneys, funds, credits and other property owned by, and under the custody and control of, Citimortgage by means of materially false and fraudulent

pretenses, representations and promises, contrary to Title 18, United States Code, Section 1344.

(Title 18, United States Code, Sections 1349 and 3551 et seq.)

## COUNT TWO
(Bank Fraud)

25. The allegations contained in paragraphs 1 through 22 are realleged and incorporated as if fully set forth in this paragraph.

26. On or about April 4, 2008, within the Eastern District of New York and elsewhere, the defendants AARON GLUCKSMAN, YECHESKEL LEBOVITS, EMANUEL SPITZER and JACOB VIZEL, together with others, did knowingly and intentionally execute and attempt to execute a scheme and artifice to defraud a financial institution, to wit: Citimortgage, the deposits of which were insured by the Federal Deposit Insurance Corporation, and to obtain moneys, funds, credits and other property owned by, and under the custody and control of, Citibank by means of materially false and fraudulent pretenses, representations and promises, to wit: $500,000 in mortgage funds for the purchase of the Subject Property.

(Title 18, United States Code, Sections 1344, 2 and 3551 et seq.)

## COUNT THREE
(Use of Fire to Damage Real and Personal Property)

27. The allegations contained in paragraphs 1 through 22 are realleged and incorporated as if fully set forth in this paragraph.

28. On or about April 7, 2008, within the Eastern District of New York, the defendants YECHESKEL LEBOVITS and EMANUEL SPITZER, together with others, did knowingly, intentionally and maliciously damage and destroy, and attempt to damage and destroy, by means of fire a building and other real and personal property used in interstate commerce, to wit: the building located at 52 Buffalo Avenue, Brooklyn, New York.

(Title 18, United States Code, Sections 844(i), 2 and 3551 et seq.)

## COUNTS FOUR AND FIVE
(Wire Fraud)

29. The allegations contained in paragraphs 1 through 22 are realleged and incorporated as if fully set forth in this paragraph.

30. In or about and between April 2008 and September 2008, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants AARON GLUCKSMAN and JACOB VIZEL, together with others, did knowingly and intentionally devise a scheme and artifice to defraud Travelers, and to obtain money and property by means of

materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, did transmit and cause to be transmitted by means of wire communication in interstate commerce, writings, signs, signals, pictures and sounds, as set forth below:

| COUNT | APPROXIMATE DATE | DESCRIPTION OF WIRE |
|---|---|---|
| FOUR | September 25, 2008 | Wire transfer from Travelers to SID Funding in the amount of $301,887.63 |
| FIVE | September 25, 2008 | Wire transfer from Travelers to SID Funding in the amount of $41,090.03 |

(Title 18, United States Code, Sections 1343, 2 and 3551 et seq.)

### CRIMINAL FORFEITURE ALLEGATION

31. The United States hereby gives notice to the defendants that, upon their conviction of any of the above-charged offenses, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any property constituting or derived from proceeds obtained directly or indirectly as a result of such offense.

32. If any of the above-described forfeitable property, as a result of any act or omission by the defendants:

    (a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p))

A TRUE BILL

_____
FOREPERSON

LORETTA E. LYNCH
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

BY: _____
ACTING UNITED STATES ATTORNEY
PURSUANT TO 28 C.F.R. C.131

SIR:

PLEASE TAKE NOTICE that the within will be presented for settlement and signature to the Clerk of the United States District Court in his office at the U.S. Courthouse, 271 Cadman Plaza East, Brooklyn, New York, on the ___ day of _____, 20_, at 10:30 o'clock in the forenoon.

Dated: Brooklyn, New York
_____, 20_____
_____

    United States Attorney,
    Attorney for _____

To:
_____
_____

Attorney for _____
=====================

SIR:

PLEASE TAKE NOTICE that the within is a true copy of _____ duly entered herein on the __ day of _____, in the office of the Clerk of the Eastern District of New York,

Dated: Brooklyn, New York
_____, 20_____

    United States Attorney,
    Attorney for _____

To:
_____
_____
_____

Attorney for _____

---

Criminal Action No. 12-667 (S-1) (RJD)

**UNITED STATES DISTRICT COURT**
**Eastern District of New York**

UNITED STATES OF AMERICA

- against -

CHARLES BROWN, et al.

    Defendants.

## SUPERSEDING INDICTMENT

(T. 18, U.S.C., §§ 844(i), 981(a)(1)(c), 1343, 1344, 1349, 2 and 3551 et seq.; T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c))

a true bill.

_____/s/_____
               Foreman

Filed in open court this _____ day of
_____ A.D. _____

_____
                       Clerk

Bail, $_____

Michael P. Canty
Assistant U.S. Attorney 631-715-7874