FR:bsg
F.#2012R01330

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,

- against -

ARRON GLUCKSMAN,

         Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

PRELIMINARY ORDER OF FORFEITURE

12 CR 0667(S-1)(RFD)

        WHEREAS, on May 23, 2013, ARRON GLUCKSMAN (the "Defendant") plead guilty to Count One of the above-captioned superseding indictment, charging a violation of 18 U.S.C. § 1349; and

        WHEREAS, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), the Defendant consents to the forfeiture of the sum of thirteen thousand seven hundred and eighty dollars and no cents ($13,780.00), seized on or about October 26, 2012, from the Defendant's residence located at 4604 Surf Avenue, Brooklyn, New York 11224 (the "Forfeited Funds"), as property, real or personal, constituting or derived from proceeds traceable to the Defendant's violation of 18 U.S.C. § 1349, or a conspiracy to commit such offense, and/or substitute assets pursuant to 21 U.S.C. § 853(p).

        NOW THEREFORE IT IS HEREBY ORDERED, ADJUDGED AND DECREED, on consent, by and between the United States and the Defendant as follows:

        1.    The Defendant shall forfeit all of his right, title and interest in the Forfeited Funds pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and 21 U.S.C. § 853(p), as

2

property, real or personal, constituting or derived from proceeds traceable to the Defendant's violation of 18 U.S.C. § 1349, or a conspiracy to commit such offense, and/or substitute assets, pursuant to 21 U.S.C. § 853(p).

2. Upon entry of this Preliminary Order of Forfeiture, the United States Attorney General or his designee is authorized to seize the Forfeited Funds and to conduct any proper discovery, in accordance with Fed. R. Crim. P. 32.2(b)(3) and (c), and to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

3. The United States Attorney's Office shall publish notice of this Order, in accordance with the custom and practice in this district on the government's website located at http://www.forfeiture.gov of its intent to dispose of the Forfeited Funds in such a manner as the Attorney General or his designee may direct. The United States may, to the extent practicable, provide direct written notice to any person known or alleged to have an interest in the Forfeited Funds as a substitute for published notice as to those persons so notified.

4. The Defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of the Forfeited Funds. In addition, the Defendant knowingly and voluntarily waives his right, if any, to a jury trial on the forfeiture of the Forfeited Funds, and waives all constitutional, legal and equitable defenses to the forfeiture of the Forfeited Funds, including, but not limited to, any defenses based on principles of double jeopardy, the Ex Post Facto clause of the Constitution, the statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

5. Any person, other than the Defendant, asserting a legal interest in the Forfeited Funds may, within thirty (30) days of the final publication or within sixty (60) days from

3

the first day of publication of notice or receipt of notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of the Preliminary Order of Forfeiture, pursuant to 21 U.S.C. § 853(n)(6). Any petition filed in response to notice of the forfeiture of the Forfeited Funds must be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

6. The Defendant shall not file or interpose any claim or assist others to file or interpose any claim to the Forfeited Funds, in any administrative or judicial proceeding. The Defendant shall take whatever steps are necessary to ensure that clear title to the Forfeited Funds passes to the United States, including the execution of any documents necessary to effectuate the forfeiture of the Forfeited Funds to the United States. Further, if any third party files a claim to the Forfeited Funds, the Defendant will assist the government in defending such claim. If the Forfeited Funds, or any portion thereof, is not forfeited to the United States, the United States may seek to enforce this Preliminary Order against any other assets of the Defendant up to the value of the Forfeited Funds not forfeited pursuant to 21 U.S.C. § 853(p), the Federal Debt Collection Procedures Act, or any other applicable law. The Defendant shall execute any and all documents necessary to effectuate the surrender and forfeiture of the Forfeited Funds.

7. The United States shall have clear title to the Forfeited Assets identified above following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in 21 U.S.C. § 853(n)(2).

8. Pursuant to the Fed. R. Crim. P. 32.2(b)(4)(A), this Preliminary Order of Forfeiture shall become final as to the Defendant at the time of sentencing, and shall be made part

4

of the sentence and included in the judgment. If no third party files a timely claim, this Preliminary Order, together with Supplemental Preliminary Orders of Forfeiture, if any, shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2). At that time, the properties forfeited herein shall be forfeited to the United States for disposition in accordance with law.

9. This Preliminary Order shall be binding upon the Defendant and the successors, administrators, heirs, assigns and transferees of the Defendant, and shall survive the bankruptcy of any of them.

10. The Court shall retain jurisdiction of this action to ensure compliance with the terms of this Preliminary Order of Forfeiture.

11. The Clerk of the Court is directed to send, by inter-office mail, five certified copies of this executed Preliminary Order of Forfeiture to FSA Asset Forfeiture Paralegal Brian Gappa United States Attorney's Office, Eastern District of New York, 610 Federal Plaza, Central Islip, New York 11722.

Dated: Central Islip, New York
~~June~~ __, 2013
August 7

/s/ Judge Raymond J. Dearie

HONORABLE RAYMOND J. DEARIE
UNITED STATES DISTRICT JUDGE