

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

MPC
*271 Cadman Plaza East*
*Brooklyn, New York 11201*

March 5, 2014

<u>By ECF & Hand Delivery</u>

The Honorable Raymond J. Dearie
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

   Re: <u>United States v. Aaron Glucksman</u>
     <u>Criminal Docket No. 12-667 (RJD)</u>

Dear Judge Dearie:

  The government respectfully submits this letter in anticipation of the defendant Aaron Glucksman's sentencing scheduled for March 21, 2014. While the Presentence Investigation Report ("PSR") indicates that the Guidelines range of imprisonment applicable to the defendant is 57 to 71 months, the government respectfully argues that, in accordance with the plea agreement entered into by the parties, the Court should find the applicable Guidelines range to be 51 to 63 months.  Further, the government respectfully submits this letter in opposition to the defendant's submission dated February 20, 2014 ("Def. Sub."), asking for the Court to issue a non-Guidelines sentence. (Def. Sub at 2).[1]

---

[1] The government, defendant and Probation Department all agree that the defendant has an adjusted offense level of 24.  The Probation Department found that the defendant had a criminal history category II.  The government estimated the defendant to be a criminal history category I.  The government respectfully disagrees with the Probation Department and stands by its estimate that the defendant falls within criminal history category I.

For the reasons set forth below, the government respectfully submits that the defendant's arguments are without merit and that a sentence within the advisory Guidelines range of 51-63 is appropriate.

### Background

Between August 2006 and September 2008, the defendant, together with others, conspired to commit wire and bank fraud. Specifically, the defendant obtained mortgage loans by making materially false statements and providing false documents in connection with mortgage applications. PSR at ¶¶ 1,4 & 12. In order to successfully carry out the scheme, scheme members recruited straw buyers who were not financially capable of purchasing the properties. The defendant Glucksman played a vital role in producing fraudulent documents required to get the loans approved. PSR at ¶ 6. Glucksman also acted as a "translator" when he met with an insurance adjuster and pretended to translate on behalf of the "homeowner victim" for a property where he and his co-conspirators had committed mortgage fraud. During the meeting Glucksman provided a false name, false date of birth and false social security number. Glucksman also falsely stated to the insurance adjuster that the "homeowner victim" lost many expensive items in the fire in order to falsely inflate the claim. PSR at ¶ 11.

Additionally, the defendant was responsible for providing scheme members with false paperwork for at least fifteen other properties over the course of approximately two years. Without the fraudulent paperwork forged by the defendant, the loans would not have been funded.

### Argument

I. Legal Standard

In Gall v. United States, 552 U.S. 38 (2007), the Supreme Court set forth the procedure for sentencing courts to follow in light of United States v. Booker, 543 U.S. 220 (2005):

> [A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark.

Gall, 552 U.S. at 49 (citation omitted). Next, a sentencing judge should "consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party. In so doing, [the judge] may not presume that the Guidelines range is reasonable. [The judge] must make an individualized assessment based on the facts presented." Id. at 49-50 (citation and footnote omitted).

> II. A Non-Guidelines Sentence is Not Warranted Based on the Defendant's Family Circumstances

The requests for a non-Guidelines sentence based on the fact that the defendant has family members, including his father, who suffer from illnesses should be rejected. The pertinent Guidelines policy statement provides that "family ties and responsibilities are not ordinarily relevant" when fashioning a defendant's sentence. U.S.S.G. § 5H1.6. Accordingly, recent cases interpreting the Guidelines explain that family ties and relationships should be taken into account only when they are truly "extraordinary." See e.g., United States v. Cutler, 520 F.3d 136, 164-65 (2d Cir. 2008) (analyzing the relevance of family ties and responsibilities in determining whether a sentence should be outside the applicable Guidelines range). Absent extraordinary circumstances, courts are "discouraged" from basing sentences on the defendant's familial circumstances. United States v. Sprei, 145 F.3d 528, 534 (2d Cir. 1998); see also United States v. Johnson, 964 F.2d 124, 128 (2d Cir. 1992) ("Disruption of the defendant's life, and the concomitant difficulties for those who depend on the defendant, are inherent in the punishment of incarceration.").

Courts have been reluctant to find such extraordinary circumstances. In the few cases in which the Second Circuit has found that a defendant's extraordinary familial circumstances warrant a shorter term of incarceration, it has done so where the defendant is the only source of care or financial support for minor or disabled family members. See e.g., Johnson at 129 (departing from the Guidelines range for a defendant who was solely responsible for raising four young children); But see Primo v. United States, 2008 WL 428449 at *3 (E.D.N.Y. Feb. 14, 2008) (refusing to find extraordinary circumstances where the defendant was not "the sole financial provider or caretaker for his family").

Additionally, the defendant has failed to demonstrate that his family will suffer extraordinary financial hardship as a result of his incarceration. To the contrary, the PSR reveals

that the defendant's wife's salary supported the family while the defendant was unemployed. See PSR at ¶ 63.

Lastly, even in cases where defendants have more dire family circumstances than this defendant, courts in this district have repeatedly denied requests for non-Guideline sentences, including cases in which the defendants have committed non-violent offenses. See e.g., United States v. Jacobowitz, 04-CR-558, ECF Docket Entry No. 158 (E.D.N.Y July 31, 2007)(Gleeson, J.) (imposing Guidelines sentence for insurance fraud notwithstanding the fact that defendant and his wife had eight children, several of whom had medical problems, and where the wife suffered from hyperthyroidism); United States v. Johnny Alberto Sosa De Los Santos, 07-CR-111 (ENV), ECF Docket Entry No. 23 (E.D.N.Y. Nov. 11, 2008) (imposing Guidelines sentence for defendant who had seven children and was convicted of importing heroin); see also Sprei at 536 (finding extraordinary circumstances absent where defendant convicted of insurance fraud supported five of his six children, a wife with a medical condition, and an elderly father, even when such factors demonstrated the family had a "heavy dependence" on the defendant).

### III. Consideration of the 3553(a) Factors

The government disagrees with the defendant's argument that a below Guidelines sentence is appropriate after consideration of all the factors under 18 U.S.C. S 3553(a). Notwithstanding the numerous letters of support for the defendant and the claims of his community service, his criminal conduct here was not an aberration nor was done in a moment of haste. The defendant engaged in a protracted and sophisticated scheme to defraud banks and an insurance company. Moreover, it is has been repeatedly held that insurance fraud is a serious offense. See e.g., United States v. Hawkins, 380 F.Supp2d. 143, 164 (E.D.N.Y. 2005) (Weinstein, J.) (characterizing insurance fraud offense as a "serious crime."); United States v. Hunter, 2008 WL 4291324 at *2 (11th Cir. Sept. 22, 2008) (same).

The nature and circumstances of the offense and the history and characteristics of the defendant call for a sentence within the advisory Guidelines range. 18 U.S.C. § 3553(a)(1). As stated above, the circumstances surrounding this offense are straight forward. The defendant and his co-conspirators engaged in an elaborate mortgage and insurance fraud scheme. The defendant's role in this conspiracy was crucial to the scheme's success. Without the defendant's ability to produce the fraudulent documents the scheme would not have been successful.

Moreover, the defendant did not play a passive role in creating documents on his computer and handing them over to other members. To the contrary, the defendant took the affirmative steps of taking out an insurance policy, meeting with an insurance adjuster and lying to the adjuster to steal more money.

A Guidelines sentence is also warranted "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." § 3553(a)(2). This crime is very serious. Not only did the defendants engage in scheme to steal money, it also included members who engaged in setting fire to a home. While the defendant Glucksman did not know scheme members were going to burn the property prior to its occurrence, logic and common sense dictate that he knew afterwards, and despite this fact he still agreed to lie to the insurance adjuster to collect insurance proceeds for the conspiracy. Moreover those members of the conspiracy responsible for starting the fire knew they could trust the defendant after the fact by asking him to meet with the insurance adjuster. This conduct stands in stark contrast to his claims of helping others though his position as an emergency medical technician.

Adequate punishment, deterrence, and protection of the public also call for a Guidelines sentence. The defendant's prior contacts with the criminal justice system include convictions for attempted burglary and criminal possession of stolen property. These prior convictions and the probationary sentences he received had little to no deterrent effect on the defendant. A Guidelines sentence will send a strong message of both specific deterrence to this defendant and general deterrence to the community that this type of criminal conduct will be punished with a period of incarceration.

III. Conclusion

        For the reasons described above, the government respectfully submits that a Guidelines sentence between 46 to 57 months is appropriate and pursuant to the plea agreement takes no position where within the Guidelines range the sentence should fall.

                                    Respectfully submitted,

                                    LORETTA E. LYNCH
                                  United States Attorney

By:          /s/
                Michael P. Canty
                Assistant United States Attorney
                (718)-254-6490